1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ROBERT R. NEWMAN,                    ) NO. CV 12-9205-SJO (MAN)
                                         )
12              Petitioner,              )
                                         )
13       v.                              ) ORDER DISMISSING PETITION
                                         ) AS SECOND OR SUCCESSIVE
14  McEWAN (WARDEN),                     ) AND DENYING A CERTIFICATE
                                         ) OF APPEALABILITY
15              Respondent.              )
    _____  )
16

17      Petitioner, a California state prisoner, filed a habeas petition,

18  pursuant to 28 U.S.C. § 2254, on October 25, 2012 ("Petition").  The

19  Petition is the second habeas corpus petition filed by Petitioner in

20  this Court stemming from his 2005 state court conviction and sentence.

21

22      Under the Rules Governing Section 2254 Cases in the United States

23  District Courts, a habeas petition filed by a prisoner in state custody

24  "must" be summarily dismissed "[i]f it plainly appears from the petition

25  and any attached exhibits that the petitioner is not entitled to relief

26  in the district court. . . ."  Rule 4, 28 U.S.C. foll. § 2254.  For the

27  reasons set forth below, the Petition must be, and is, DISMISSED as

28  second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On June 26, 2007, Petitioner filed a Section 2254 habeas petition in Case No. CV 12-9205-SJO (MAN) (the "Prior Action"). The Prior Action petition arose out of the same 2005 state court conviction on which the present Petition is based. The Prior Action petition asserted: two claims based on alleged prosecutorial misconduct during closing argument and in failing to promptly disclose a witness's statement; one claim based on the alleged ineffective assistance of trial counsel in failing to object to a detective's testimony; one claim alleging that due process was violated by the admission of evidence of Petitioner's earlier possession of a gun; and one claim alleging a due process violation based on the trial court's failure to continue the trial at Petitioner's request. During the pendency of the Prior Action, Petitioner filed an interlocutory appeal, which was dismissed on August 11, 2011, for lack of jurisdiction (Case No. 11-56149).[1] The Prior Action was resolved adversely to Petitioner on the merits, and habeas relief was denied by Judgment entered on July 8, 2011. Petitioner appealed, and on October 19, 2012, the Ninth Circuit denied a certificate of appealability (Case No. 11-56583).

The instant Petition alleges one or more claims challenging Petitioner's 2005 conviction. Only one claim is alleged within the form Petition itself, *i.e.,* that Petitioner's appellate and counsel provided ineffective assistance by failing to challenge the trial court's

---

[1]     Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the dockets for the United States Court of Appeals for the Ninth Circuit available electronically through the PACER system.

decision to admit into evidence a gun that a prosecution expert could not state, with certainty, was the murder weapon. (Petition at 5.) The various attachments to the Petition indicate that Petitioner may be asserting nine additional claims based on allegations that:  gang membership evidence should not have been admitted; trial counsel provided ineffective assistance; witnesses provided perjured, "tainted," and inconsistent testimony; the prosecutor committed misconduct; and two witnesses lacked credibility.  A review of the dockets for the Ninth Circuit shows that Petitioner has not sought or obtained leave to file a second or successive Section 2254 habeas petition asserting any of the claims alleged in the instant Petition or, indeed, any claims at all.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must <u>first</u>

1   obtain authorization from the Ninth Circuit before filing any such
2   second or successive petition.   28 U.S.C. § 2244(b)(3).   The Ninth
3   Circuit "may authorize the filing of the second or successive [petition]
4   only if it presents a claim not previously raised that satisfies one of
5   the two grounds articulated in § 2242(b)(2)."   Burton v. Stewart, 549
6   U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

8       By the Prior Action, Petitioner sought Section 2254 relief based on
9   the same 2005 conviction at issue here, and his habeas petition was
10  resolved adversely to him on its merits.   His present challenge to the
11  validity of his 2005 conviction does not rest on newly-discovered
12  evidence or a new rule of constitutional law.   Accordingly, the current
13  Petition is second or successive within the meaning of Section 2244(b).[2]

15      As Petitioner has not obtained permission from the Ninth Circuit to
16  bring a second or successive petition, this Court lacks jurisdiction to
17  consider the instant Petition.   28 U.S.C. § 2244(b); *see also* Burton,
18  549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to
19  consider the merits of a second or successive petition absent prior
20  authorization from the circuit court).   Accordingly, IT IS ORDERED that:
21  the Petition is DISMISSED; and Judgment shall be entered dismissing this
22  action without prejudice.

24      In addition, pursuant to Rule 11(a) of the Rules Governing Section
25  2254 Cases in the United States District Courts, the Court has

27      [2]   The instant Petition also appears to be substantially untimely
28  given that Petitioner's limitations period commenced running in late
    June 2006, and likely expired in late June 2007.

4

considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).   The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.


    IT IS SO ORDERED.


DATED: _November 2, 2012.

                                    _____
                                         S. JAMES OTERO
                                    UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
    MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

5